UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BENITA MCMULLEN** <br> 245 E. Delaware <br> Toledo, OH 43608 <br><br> and <br><br> **TOMMIE MCMULLEN** <br> 245 E. Delaware <br> Toledo, OH 43608 <br><br> Plaintiffs, <br><br> v. <br><br><br> **PARRISH LEASING CO.** <br> c/o Joseph E. Rebman, Registered Agent <br> 165 N. Meramec Avenue, Suite 310 <br> St. Louis, MO 63105 <br><br> and <br><br> **TERRY MCVAL RIPKA** <br> 5356 St. Rd. H <br> De Soto, MO 63020 <br><br> Defendants. | * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * | Case No.: <br><br> Judge <br><br> **COMPLAINT WITH** <br> **JURY DEMAND** <br><br> **Samuel G. Bolotin, Esq. (0014727)** <br> THE BOLOTIN LAW OFFICES <br> 3232 Executive Parkway <br> Toledo, OH 43606 <br> PH: (419) 539-9200 <br> FX: (419) 539-7100 <br> bolotin@bex.net <br> *Counsel for Plaintiffs* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Now come Plaintiffs, Benita and Tommie McMullen, by and through undersigned counsel, and for their complaint state the following:

## OVERVIEW

1. On October 19, 2017, Defendant Terry McVal Ripka (hereinafter "Terry Ripka"), while operating a semi-tractor trailer under the authority of Parrish Leasing Co., negligently attempted to change lanes on Navarre Ave. in the City of Oregon, Lucas County, Ohio, when it was not

safe to do so and collided with a motor vehicle operated by Plaintiff Tommie McMullen. Plaintiff Benita McMullen was a passenger. Both Plaintiffs suffered physical injuries as a result of the crash.

## PARTIES

### Plaintiffs

2. Plaintiff Benita McMullen is an adult individual and a citizen of the State of Ohio who resides at 245 E. Delaware, Toledo, Ohio.

3. Plaintiff Tommie McMullen is an adult individual and a citizen of the State of Ohio who resides at 245 E. Delaware, Toledo, Ohio.

### Defendants

4. Upon information and belief, Defendant Parrish Leasing Co. is a corporation incorporated in the State of Missouri with its headquarters and principal place of business in the State of Illinois.

5. Upon information and belief, Defendant Terry Ripka is an adult individual who resides at 5356 St. Rd. H, De Soto, Missouri. Upon information and belief, Terry Ripka is a citizen of the State of Missouri.

## STATEMENT OF JURISDICTION

6. This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. Because Plaintiffs are citizens of Ohio, Defendant Parrish Leasing Co. is incorporated in the State of Missouri with its principal place of business in Illinois, Defendant Terry Ripka is a resident of the State of Missouri, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court. Venue is appropriate in this Court since the collision occurred in Lucas County, Ohio.

## FIRST CAUSE OF ACTION
*Negligence of Terry Ripka*

7. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

8. Defendant Terry Ripka owed a duty to Plaintiffs to use due care and caution in the operation of his commercial motor vehicle, and was required to obey all local traffic ordinances, the statutes of the State of Ohio, the Federal Motor Carrier Safety Regulations and the Rules of Common Law.

9. Defendant Terry Ripka failed in the above-mentioned duties and was therefore negligent.

10. The negligence of one or all of the Defendants was the direct and proximate cause of the injuries sustained by Plaintiffs.

11. Plaintiffs, as a result of the negligence and recklessness of one or all the Defendants, directly and proximately sustained bodily injuries, extreme physical pain and great mental anguish.

## SECOND CAUSE OF ACTION
*Statutory Violations/Negligence per se of Terry Ripka*

12. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

13. Defendant Terry Ripka violated several state and federal statutes and regulations, including but not limited to, 49 CFR §§350-399, and specifically including, but not limited to, the following:

    a) 49 CFR §392.3 – Ill or Fatigued Driver;

    b) 49 CFR §395.3 – Maximum Driving Time;

    c) O.R.C. §4511.20 – Willful or Wanton Operation on Street or Highway;

    d) O.R.C. §4511.79 – Driving with Impaired Alertness or Ability;

  e)  O.R.C. §4511.38 – Rules for Starting and Backing Vehicles; and

  f)  O.R.C. §4511.33 – Driving in Marked Lanes;

14. Defendant Terry Ripka's violations of state and federal statutes and regulations constitutes negligence per se.

15. Plaintiffs are in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§350-399.

16. The negligence per se of Defendant Terry Ripka was the direct and proximate cause of the injuries sustained by Plaintiffs.

17. Plaintiffs, as a result of the negligence, recklessness, negligence per se and statutory violations of one or all of the Defendants or their agents, directly and proximately sustained serious and permanent injuries:

  a)  That in the care and treatment of said injuries, Plaintiffs were required to submit to numerous and extensive x-rays, examinations, treatments and therapies including the taking of drugs and medications in an effort to combat the pain in which they suffered;

  b)  That Plaintiffs have incurred substantial expenses to date in the care of said injuries;

  c)  That said injuries are permanent and partially disabling and Plaintiffs will continue to incur medical and related expenses in the future in an amount which cannot now be determined nor in the exercise of due diligence be ascertained at this time;

  d)  That Plaintiffs were required to absent themselves from their usual and normal activities and has suffered and will continue to suffer the loss of enjoyment of life;

e) That Plaintiffs suffer from pain, shock, nervous reaction and inconvenience and will continue to suffer therefrom in the future with all of the foregoing to their substantial damage; and

f) That Plaintiffs have incurred substantial property damage to their automobile as a result of this collision.

### THIRD CAUSE OF ACTION
*Punitive Damages against Terry Ripka*

18. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

19. Defendant Terry Ripka's actions demonstrate a conscious disregard for the rights and safety of Plaintiffs and the rest of the public and were willful, wanton, reckless and/or grossly negligent. Plaintiffs demand punitive damages against Defendant Terry Ripka in an amount to be determined by the trier of fact, in order to punish Defendant Terry Ripka and deter others from similar conduct.

### FOURTH CAUSE OF ACTION
*Vicarious Liability of Parrish Leasing Co.*

20. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

21. Defendant Terry Ripka was the driver, employee, statutory employee, agent, servant, or independent contractor for Defendant Parrish Leasing Co. and/or Defendant Parrish Leasing Co. negligently entrusted its commercial motor vehicle to Defendant, Terry Ripka. Accordingly, Defendant Parrish Leasing Co. is vicariously liable for the acts of Defendant Terry Ripka for the causes of action above.

22. Defendant Parrish Leasing Co. is liable for the negligent acts or omissions of Defendant Terry Ripka for the causes of action above by the application of the theory of *respondeat superior.*

## FIFTH CAUSE OF ACTION
*Strict Liability of Parrish Leasing Co.*

23. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

24. Regardless of the employment relationship, Defendant Parrish Leasing Co. is the registered owner of USDOT number 550886 displayed on the tractor unit involved in this collision and is therefore responsible for the acts of the driver of that unit.

## SIXTH CAUSE OF ACTION
*Negligence of Parrish Leasing Co.*

25. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

26. Defendant Parrish Leasing Co. had a duty to act reasonably in investigating the work history, credentials and fitness of all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, to be operators of commercial motor vehicles.

27. Defendant Parrish Leasing Co. had a duty to act reasonably in hiring all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, to be operators of commercial motor vehicles.

28. Defendant Parrish Leasing Co. had a duty to properly train all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, to be operators of commercial motor vehicles.

29. Defendant Parrish Leasing Co. had a duty to promulgate and enforce rules and regulations to ensure that all off of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Terry Ripka, and all of its commercial motor vehicles, were reasonably safe.

30. Defendant Parrish Leasing Co. had a duty to act reasonably in supervising the conduct of all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, as required by the Federal Motor Carrier Safety Regulations, including, but not limited to, parts 391, 392, 395, 396 and 397, and the laws of the State of Ohio including, but not limited to, sections 1-11 of the Commercial Driver License Manual.

31. Defendant Parrish Leasing Co. had a duty to act reasonably in retaining all of its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, to be operators of commercial motor vehicles.

32. Defendant Parrish Leasing Co. failed in the above-mentioned duties and was therefore negligent.

33. The negligence of Defendant Parrish Leasing Co. was the direct and proximate cause of the injuries sustained by Plaintiffs.

## SEVENTH CAUSE OF ACTION
*Statutory Violations/Negligence per se of Parrish Leasing Co.*

34. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

35. Defendant Parrish Leasing Co. violated and encouraged its commercial drivers, employees, statutory employees, agents, servants, and independent contractors, including Defendant Terry Ripka, to violate state and federal statutes and regulations, including but not limited to 49 CFR §§350-399, and specifically including, but not limited to, the following:

    a)    49 CFR §392.3 – Ill or Fatigued Driver;

    b)    49 CFR §395.3 – Maximum Driving Time;

    c)    O.R.C. §4511.20 – Willful or Wanton Operation on Street or Highway; and

    d)    O.R.C. §4511.79 – Driving with Impaired Alertness or Ability.

36. Plaintiffs are in a class of individuals contemplated by the State and Federal legislatures as the intended class to be protected by the following law and regulations, including, but not limited to, 49 CFR §§350-399.

37. Defendant Parrish Leasing Co.'s statutory violations directly and proximately caused Plaintiffs' damages and injuries.

38. Defendant Parrish Leasing Co. is negligent per se based on these statutory and regulatory violations.

## EIGHTH CAUSE OF ACTION
*Punitive Damages against Parrish Leasing Co.*

39. Plaintiffs incorporate all facts and allegations above in this cause of action by reference.

40. Defendant Parrish Leasing Co.'s actions demonstrate a conscious disregard for the rights and safety of Plaintiffs and the rest of the public and were willful, wanton, reckless and/or grossly negligent. Plaintiffs demand punitive damages against Defendant Parrish Leasing Co. in an amount to be determined by the trier of fact, in order to punish Defendant Parrish Leasing Co. and deter others from similar conduct.

**WHEREFORE** Plaintiffs demand judgment against Defendants, jointly and severally, in an amount that is fair and just, consistent with the evidence and in excess of $75,000.00 for all causes of action, together with costs, interest, prejudgment interest, attorney's fees, and any other relief the Court deems proper. Plaintiffs further demand punitive damages against all Defendants.

Respectfully submitted,

*/s/ Samuel G. Bolotin, Esq.*
**Samuel G. Bolotin (0014727)**
THE BOLOTIN LAW OFFICES
3232 Executive Parkway
Toledo, Ohio 43606
PH: (419) 539-9200
FX: (419) 539-7100
bolotin@bex.net
*-Counsel for Plaintiffs*

### **JURY DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

*/s/ Samuel G. Bolotin, Esq.*
**Samuel G. Bolotin (0014727)**
*-Counsel for Plaintiffs*